## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE: )<br>**John W Jaynes** )<br>**Heidi M Jaynes** )<br>SSN(s): **xxx-xx-0545, xxx-xx-8556** )<br>**4620 St Charles Ct** )<br>**Flower Mound, TX 75022** )<br>)<br>)<br>Debtor ) | CASE NO: **11-40560**<br><br>Chapter 13 |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$1,000.00** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:

   ☐ Variable Plan Payments

   | Beginning Month | Ending Month | Amount of Monthly Payment | Total |
   |---|---|---|---|
   | 1 (03/24/2011) | 60 (02/24/2016) | $1,000.00 | $60,000.00 |
   | | | Grand Total: | $60,000.00 |

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is **$3,000.00**. The amount of **$226.00** was paid prior to the filing of the case. The balance of **$2,774.00** will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No: 11-40560  
Debtor(s): **John W Jaynes**  
**Heidi M Jaynes**

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

   | (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment / Months |
   |---|---|---|
   | | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

   | (a) Claimant | (b) Proposed Treatment |
   |---|---|
   | | |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

   | (a) Creditor | (b) Estimated claim |
   |---|---|
   | | |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

   | (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
   |---|---|---|
   | | | |

TXEB Local Form 3015-a  [Revised January 18, 2006]  Page 2

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment / Months |
|---|---|---|---|---|
| | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment / Months |
|---|---|---|---|---|
| | | | | |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment / Months |
|---|---|---|---|
| PNC Mortgage<br>Home @ 4620 St Charles Ct Flower Mound Tx | $48,000.00 | 2.00% | Pro-Rata<br>Month(s) 1-60 |

Case No: 11-40560
Debtor(s): **John W Jaynes**
**Heidi M Jaynes**

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **Bank of America** | **2001 Searay Boat** |
| **PNC Mortgage** | **Lake House @ 9256 Private Rd 1148-4, Possum Kingdo** |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$101,245.00**  . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$779.62**  . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee / Months | (e) Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

Case No:   11-40560
Debtor(s):   **John W Jaynes**
             **Heidi M Jaynes**

11. **General Provisions.**  Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions.  Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b).  Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

**Capital One Auto Finance**

**Fidelity Bank**

**PNC Mortgage**

   (C). **Additional provisions.**
   None.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above.  The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.


Date:  _____          **/s/ John W Jaynes**_____
                                      John W Jaynes, Debtor

**/s/ Holly B. Guelich**_____          **/s/ Heidi M Jaynes**_____
Holly B. Guelich, Debtor's Attorney          Heidi M Jaynes, Debtor

IN RE: __John W Jaynes__                              CASE NO.   **11-40560**
                *Debtor*

__Heidi M Jaynes__                                    CHAPTER    **13**
               *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 2, 2011, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Holly B. Guelich**
Holly B. Guelich
Bar ID:08567150
Holly B. Guelich
3300 Oak Lawn Ave, Suite 400
Dallas, Tx. 75219
(214) 522-3669

| | | |
|---|---|---|
| Allied Credit Seattle<br>PO box 75054<br>Seattle, WA 98175-0054 | Bank of America<br>xxxxxxxxxxxx3044<br>PO Box 15220<br>Wilmington, DE 19850-5220 | Citi Cards<br>701 E 60th St<br>Sioux Falls, SD 57117 |
| Asset Acceptance LLC<br>PO Box 2036<br>Warren, MI 48090 | Brice Vanderlinden et al<br>9441 LBJ Freeway Suite 250<br>Dallas, TX 75243 | Clive Collections Agency<br>8040 NE University Ave<br>Des Moines, IA 50327-8029 |
| Bank of America<br>xxxxxxxx9961<br>PO Box 15019<br>Wilmington, DE 19850-5019 | Capital One Auto Finance<br>xxx1119<br>PO Box 60511<br>City of Industry, CA 91716 | Discover<br>xxxxxxxx2281<br>PO Box 6103<br>Carol Stream, IL 60197-6103 |
| Bank of America<br>xxxxxxxx9940<br>PO Box 15019<br>Wilmington, DE 19850-5019 | Citi Cards<br>xxxxxxxx5623<br>701 E 60th St N<br>Sioux Falls, SD 57104 | Equable<br>1120 W Lake Cook Road, Suite B<br>Buffalo Grove, IL 60089 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: **John W Jaynes**     CASE NO. **11-40560**
*Debtor*

**Heidi M Jaynes**     CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Fidelity Bank
xxxxxx2528
PO Box 1007
Wichita, KS 67201


HSBC Bank USA
xxxxxxxx5346
1111 North Town Center Dr
Las Vegas, NV 89144


John W Jaynes
4620 St Charles Ct
Flower Mound, TX 75022


Midland Credit Management
xx2994
8875 Aero Dr Suite 200
San Diego, CA 92123


PNC Mortgage
xxxxxx7541
PO Box 1820
Dayton, OH 45401


PNC Mortgage
xxxxxx7497
PO Box 1820
Dayton, OH 45401


PNC Mortgage
xxxxxx7541
PO Box 1820
Dayton, OH 45401

```
Label Matrix for local noticing          Allied Credit Seattle                   Asset Acceptance LLC
0540-4                                   PO box 75054                            PO Box 2036
Case 11-40560                            Seattle, WA 98175-0054                  Warren, MI 48090-2036
Eastern District of Texas
Sherman
Wed Mar  2 13:37:40 CST 2011

Attorney General US                      Bank of America                         Brice Vanderlinden et al
10th & Pennsylvania                      PO Box 15019                            9441 LBJ Freeway Suite 250
Washington, DC 20538-0001                Wilmington, DE 19850-5019               Dallas, TX 75243-4640


Capital One Auto Finance                 Citi Cards                              Citi Cards
PO Box 60511                             701 E 60th St                           701 E 60th St N
City of Industry, CA 91716-0511          Sioux Falls, SD 57104-0432              Sioux Falls, SD 57104-0432


Clive Collections Agency                 Janna L. Countryman                     Discover
8040 NE University Ave                   P. O. Box 941166                        PO Box 6103
Des Moines, IA 50327                     Plano, TX 75094-1166                    Carol Stream, IL 60197-6103


Equable                                  Fidelity Bank                           Holly B. Guelich
1120 W Lake Cook Road, Suite B           PO Box 1007                             The Law Office of Holly B. Guelich
Buffalo Grove, IL 60089-1970             Wichita, KS 67201-1007                  3300 Oak Lawn Avenue
                                                                                 Suite 400
                                                                                 Dallas, TX 75219-6413

HSBC Bank USA                            (p)INTERNAL REVENUE SERVICE             Janna L. Countryman
1111 North Town Center Dr                CENTRALIZED INSOLVENCY OPERATIONS       Chapter 13 Trustee
Las Vegas, NV 89144-6364                 PO BOX 7346                             500 N. Central Exwy, Suite 350
                                         PHILADELPHIA PA 19101-7346              Plano, Tx 75074-6791


Heidi M Jaynes                           John W Jaynes                           Midland Credit Management
4620 St Charles Ct                       4620 St Charles Ct                      8875 Aero Dr Suite 200
Flower Mound, TX 75022-1037              Flower Mound, TX 75022-1037             San Diego, CA 92123-2255


PNC Mortgage                             Security Credit Services, LLC           State of Texas
PO Box 1820                              PO Box 1156                             Comptroller of Public Accounts
Dayton, OH 45401-1820                    Oxford MS 38655-1156                    LBJ State Office Building
                                                                                 Austin, Tx 78774-0001


U.S. Attorney General                    US Attorney (IRS)                       US Trustee
Department of Justice                    110 N. Spring Suite 700                 Office of the U.S. Trustee
Main Justice Building                    Tyler, Tx 75702-7358                    110 N. College Ave.
10th & Constitution Ave., NW                                                     Suite 300
Washington, DC 20530-0001                                                        Tyler, TX 75702-7231


United States Trustee
110 N. College, Suite 300
Tyler, Tx 75702-7231
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IRS | (d)Internal Revenue Service | End of Label Matrix |
| PO Box 21126 | 1100 Commerce St | Mailable recipients 27 |
| Philadelphia, PA 19114 | Mail Code 5020DAL | Bypassed recipients 0 |
| | Dallas, TX 75242 | Total 27 |